UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES-GENERAL

Case No.   ED CV 15-82 CAS (PLA)                                                                Date   July 29, 2015

Title:   Pedro Ramirez v. C. Callahan

---

PRESENT: THE HONORABLE   PAUL L. ABRAMS                           ☐ U.S. DISTRICT JUDGE
                                                                                                                ☒ MAGISTRATE JUDGE

|   Christianna Howard   |   N/A   |   N/A   |
|---|---|---|
|   Deputy Clerk   |   Court Reporter / Recorder   |   Tape No.   |

ATTORNEYS PRESENT FOR PETITIONER:                    ATTORNEYS PRESENT FOR RESPONDENT:
                    NONE                                                                                            NONE

**PROCEEDINGS:**       **(IN CHAMBERS)**

On February 12, 2015, respondent filed a Motion to Dismiss, arguing that the instant Petition should be dismissed because it is unexhausted and procedurally defaulted. On March 16, 2015, petitioner filed an Opposition.

In the Petition, petitioner asserts one ground for relief: his prison term has expired and he is now being imprisoned beyond that term in violation of due process. (Petition at 5). The record shows that petitioner challenged his continued incarceration on due process and equal protection grounds in a round of habeas petitions filed in the California courts. In his first state petition, filed in the San Bernardino County Superior Court, petitioner asserted the following facts in support: "On August 15, 2014, the Board of Parole Hearings resolved my indeterminate sentence by fixing my primary term at 10 years, including adjustments . . . . The CDC&R concluded my term started on June 17, 2005 and recognized 873 pre-sentence and 48 post-sentence credits . . . . Accordingly, my primary term, excluding vested credits for good-time, expired in approximately the middle of 2012." (Motion, Exhibit 1 at 3). Petitioner attached the following documents to his superior court petition: (1) a "parole consideration proposed decision" worksheet; (2) a copy of an inmate request form filled out by petitioner concerning the calculation of his base term; and (3) a calculation worksheet determining petitioner's earliest possible release date. (Motion, Exhibit 1). In its denial, the superior court characterized petitioner's claim as a challenge to the Board's 2014 parole denial and denied the claim citing In re Swain, 34 Cal.2d 300, 304 (1949) (requiring that a habeas petitioner "allege with particularity the facts upon which he would have a final judgment overturned and that he fully disclose his reasons for delaying in the presentation of those facts"), and People v. Duvall, 9 Cal.4th 464, 474 (1995) (a petitioner must "state fully and with particularity the facts on which relief is sought" and "include copies of reasonably available documentary evidence supporting the claim, including pertinent portions of trial transcripts and affidavits or declarations"). The superior court stated that because petitioner failed to provide any documents pertaining to the 2014 parole hearing, his allegations were too conclusory to warrant habeas relief. (Motion, Exhibit 2). The California Court of Appeal and California Supreme Court subsequently issued summary denials. (Motion, Exhibits 3-6).

Denials based upon Swain and Duvall indicate that a petitioner failed to comply with the requirement that he "allege with sufficient particularity the facts warranting habeas relief." King v. Roe, 340 F.3d 821, 823 (9th Cir.

2003), *abrogated on other grounds by* Evans v. Chavis, 546 U.S. 189, 126 S.Ct. 846, 163 L.Ed.2d 684 (2006); see also Gaston v. Palmer, 417 F.3d 1030, 1039 (9th Cir. 2005) (characterizing a denial order based on Swain and Duvall as the equivalent of a grant of a demurrer with leave to refile under California law), *as modified on other grounds by* 447 F.3d 1165 (9th Cir. 2006). Thus, a state court's denial of a claim based on Swain and Duvall indicates that the claim is unexhausted because the petitioner may correct the defect in a renewed petition. The Ninth Circuit has indicated, however, that when a habeas petitioner asserts he presented his claims to the state court with as much particularity as possible, federal courts must review the state petition to determine whether the claims were in fact fairly presented and, thus, are exhausted. Kim v. Villalobos, 799 F.2d 1317, 1319-20 (9th Cir. 1986).

Here, respondent argues that the state court's denial based on Swain and Duvall renders the Petition unexhausted because no state court has addressed the merits of petitioner's claim. (Motion at 2-4). In his Opposition, petitioner asserts that, contrary to how the superior court characterized his claim, he is not alleging "a violation based on a denial of parole," but contends that he is being subject to "detention beyond his term." (Opposition at 1). He further asserts that he provided the state courts sufficient documentary evidence to support his claim that he is being unlawfully imprisoned, and that he "has no means to force the state courts to address the issue squarely." (Id. at 2).

Following a review of the record, the Court concludes that petitioner has satisfied the exhaustion requirement. Petitioner states that he is not challenging the basis for the Board's 2014 parole denial. Rather, he asserts that he is being incarcerated in excess of his fixed ten-year term and in violation of due process. Based on a review of his state habeas filings, it appears that petitioner sufficiently presented this claim along with supporting documentation to render his claim exhausted.

As for respondent's procedural default argument (see Motion at 4-6), the Court notes that in the Order Requiring Response to Petition, issued on January 21, 2015, respondent was advised that contentions of procedural default "shall not be made in a motion to dismiss, but rather should be made in the Answer to Petition which addresses the allegedly defaulted claims on the merits in the alternative." (Order at 2 n.1). Accordingly, respondent's procedural default argument as well as the merits of the allegedly defaulted claim should be addressed in the Answer.

For these reasons, the Court **denies** the Motion to Dismiss. The Court **orders** respondent to file an Answer to the Petition addressing the merits of petitioner's claim **no later than August 28, 2015**. For all future filings and procedures, the parties shall comply with the January 21, 2015, Order Requiring Response to Petition.


cc:   Pedro Ramirez, pro se
      Kathleen R. Walton, CAAG


Initials of Deputy Clerk____ch____